UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––––x

TRAVELERS INDEMNITY COMPANY,

        Plaintiff,

        -against-

ACCREDITED SURETY AND CASUALTY
COMPANY,

        Defendant.

––––––––––––––––––––––––––––––––––––––x

No. 21-CV-03412-CM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/2022

**MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

McMahon, J.:

    Travelers Indemnity Company ("Plaintiff" or "Travelers") had a Commercial General Liability insurance contract with Clune Construction Company, L.P. ("Clune"). (Dkt. No. 1 ("Compl."), ¶8). Travelers agreed to insure Clune for bodily injury caused by accident during the policy period. (*Id.*, ¶9).

    Clune entered into a subcontract with Empire Architectural Metal Corp. ("Empire") to complete a construction project located at SiriusXM, 1221 Avenue of the Americas, New York, NY. (*Id.*, ¶15).

    Accredited Surety and Casualty Company ("Defendant" or "ASCC") had a Commercial General Liability insurance contract with Empire, providing coverage for bodily injury caused by an accident during the policy period. (*Id.*, ¶11; Dkt. No. 16, at 2). The policy included any

1

organization for whom Empire was working as an additional insured, covered for injuries "caused, in whole or in part, by" Empire's acts or omissions. (Dkt. No. 17, ¶6).

One of Empire's employees, Wladyaslw Budz ("Claimant") sustained injuries during the course of his work on the project. (Dkt. No. 16, at 6). Budz subsequently sued Clune and 1221 Avenue Holdings, LLC ("1221 Ave") (collectively "Tort Defendants"). (Compl., ¶1). Plaintiff tendered the defense and indemnification of the Tort Defendants to Defendant, but Defendant refused to reimburse Plaintiff for defense costs or assume the Tort Defendants' defense. (*Id.*, ¶¶24-25). Plaintiff filed the present lawsuit on April 19, 2021, seeking declaratory relief and reimbursement of its expenses in paying for the Tort Defendants' trial defense. (*Id.*, at 5-6).

Plaintiff filed a motion for partial summary judgment pursuant to Federal Rule of Civil Procedure 56, asking that the Court declare that Defendant owes a duty to defend the Tort Defendants, that Defendant's coverage of the Tort Defendants is primary, and that Plaintiff's coverage is excess to that of Defendant. (Dkt. No. 16, at 1).

Defendant opposed Plaintiff's motion for summary judgment and filed a cross motion for summary judgment. (Dkt. No. 23). Defendant requested that the Court declare that Plaintiff is not entitled to a defense or indemnity from Defendant, and dismiss the complaint in its entirety. (Dkt. No. 25, at 3).

For the reasons that follow, Plaintiff's motion for partial summary judgment is GRANTED; Defendant's motion for summary judgment is DENIED.

## BACKGROUND

**A.    Parties**

Plaintiff is a Connecticut corporation with its principal place of business in Connecticut. (Compl., ¶2). Plaintiff is licensed and authorized to write insurance and conduct business in the State of New York. (*Id.*).

Defendant is a Florida corporation with its principal place of business in Florida. (*Id.*, ¶3).

**B.    Facts**

**I.    The Policies**

Plaintiff issued Clune a policy of commercial general liability insurance. (*Id.*, ¶8). The policy covered bodily injury caused by accident between September 1, 2019 and September 1, 2020. (*Id.*, ¶9). The policy contained "other insurance" clauses providing that coverage under the Travelers Policy was excess over any other coverage available where Clune is an additional insured. (*Id.*, ¶10).

Defendant issued Empire a commercial general liability policy. (*Id.*, ¶11). The policy covered bodily injury, property damage or personal and advertising injury "caused, in whole or in part, by" Empire's acts or omissions, or the acts or omissions of those acting on Empire's behalf. (*Id.*, ¶12). The policy was in effect between June 3, 2019 and June 3, 2020. (*Id.*, ¶11). The policy covered as an additional insured "Any person or organization for whom [Empire is] performing operations when [Empire] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." (Dkt. No. 17, ¶7). Further, if Empire's subcontract with a contractor required that other organizations be listed as an additional insured, the policy included those organizations as

such. (*Id.*). The Additional Insureds are only covered for liability for bodily injury, property damage, or personal and advertising injury "caused, in whole or in part, by" Empire's acts or omissions, or the acts or omissions of those acting on Empire's behalf. (*Id.*).

Defendant's policy contains an "other insurance" clause, which states in part that, "This insurance is primary except when Paragraph b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary."(*Id.*, ¶8). The policy listed narrow exceptions in which it would be excess. (*Id.*). The policy also stated that

> This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that: (1) The additional insured is a Named Insured under such other insurance; and (2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

(*Id.*, ¶9).

## II.     The Subcontract

Clune and Empire entered into a subcontract on June 25, 2019, in connection with a construction project at Sirius XM, located at 1221 Avenue of the Americas, New York, New York. (Compl., ¶15). Empire's scope of work under the subcontract included architectural metal and glass installation. (Dkt. No. 17, ¶11). The subcontract required that Clune be added as an additional insured under Empire's insurance policy, and that Clune would receive primary insurance coverage as an additional insured. (Compl., ¶¶16-17). The subcontract also required 1221 Ave be listed as an additional insured receiving primary insurance under Empire's coverage. (*Id.*, ¶17).

Empire was required to "Provide all labor, material, equipment, and supervision necessary" to complete the work. (Dkt. No. 17, ¶12). Empire was also required to "establish and maintain an effective safety and health program that addresses the guidelines herein. [Empire]

4

will be solely responsible for implementing the safety program and have sole responsibility for monitoring." (*Id.*, ¶13). The subcontract required Empire to designate a competent person to implement safety guidelines, and prohibited Empire from relinquishing or deferring responsibility for the project safety of its employees. (*Id.*, ¶14). The subcontract also dictated that Empire must "identify the means necessary to safely access the work areas included in the scope of their work. These methods, including fall protection measures, should be identified in site specific safety and health plans . . ." (*Id.*, ¶15).

### III.    The Underlying Action

On or about October 4, 2019, Wladyaslw Budz, one of Empire's employees, was injured while working on the construction project at 1221 Avenue of the Americas. (Dkt. No. 24, at 3). Budz fell down an improperly constructed stairwell on the construction site. (Dkt. No. 17, ¶21). At the time, Budz was making glass railings on the stairs. (Dkt. No. 25, at 12). According to Clune's incident report, the stair treads started at the third stair because a millwork platform had not yet been built. (Dkt. No. 17, ¶25). While removing a plywood template, Budz stepped backwards off the third step as if there was another tread, resulting in a fall. (*Id.*).

Budz and his wife, Grazyna Budz, filed a lawsuit against Clune and 1221 Ave in the Supreme Court of the State of New York, seeking damages as a result of the accident. (*Id*, ¶22). Budz alleged that the Tort Defendants acted negligently in violation of New York Labor Laws. (*Id*, ¶23). Specifically, Budz alleged that the accident "was caused solely and wholly by reason of the negligence, carelessness and recklessness of the defendants, their contractors, agents and employees who were negligent in the ownership, operation, management and control of the aforesaid premises." (Dkt. No. 26, at 3). In his bill of particulars, Budz alleged that the stairs were improperly constructed, placed, and maintained, and that the accident occurred due to its

lack of slats, lack of guardrails, poor lighting, and obstructions that cause tripping. (Dkt. No. 24, at 21-22).

Budz later added another contractor, Hallen Welding Service, Inc. ("Hallen"), as a defendant. (Dkt. No. 22-6, at 13). Hallen was allegedly responsible for installing the stairs, platform, and tread supports that Budz fell on, and providing scaffolding and fall protection for its work. (*Id.*).

Clune commenced a third-party action against Empire and Hallen for indemnification in the underlying action. (Dkt. No. 17, ¶28). The underlying action is ongoing. (*Id.*, ¶30). Plaintiff is currently defending the Tort Defendants, (Compl., ¶21), but has demanded that Empire defend and indemnify Clune and 1221 Ave in the underlying action. (*Id.*, ¶24). Despite repeated requests since the initial demand, which was made in February 2020, Defendant continues to refuse to provide reimbursement for defense costs or to assume the Tort Defendants' defense. (*Id.*, ¶¶33-34). Plaintiff has incurred costs of approximately thirty-five thousand dollars as of March 2, 2022. (*Id.*).

### C. Procedural Posture

Plaintiff filed this lawsuit on April 19, 2021. (*Id.*, at 7).

Plaintiff alleges that the accident in the underlying action fell within Defendant's policy with Empire. (*Id.*, at 6). Plaintiff also alleges that Defendant's coverage obligations were primary, while Plaintiff's were excess to Defendant's policy. (*Id.*). Thus, Plaintiff seeks a declaration that Defendant owes the Tort Defendants in the underlying action both a duty to defend and a duty to indemnify. (*Id.*). Plaintiff further seeks an award of all sums it has thus far paid to defend the Tort Defendants in the underlying action. (*Id.*).

On March 2, 2022, Plaintiff moved for partial summary judgment as to Defendant's duty to defend Clune and 1221 Ave in the underlying action. (Dkt. No. 15). Plaintiff claims that the allegations and extrinsic facts in the underlying action triggered Defendant's duty to defend, since there is a reasonable probability that the accident was "caused, in whole or in part, by" the acts or omissions of Empire or those acting on Empire's behalf. (Dkt. No. 16, at 1). Plaintiff also seeks summary judgment on the issue of which coverage is primary and which is excess. (Dkt. No. 15).

Defendant filed its own motion for summary judgment on March 30, 2022. (Dkt. No. 22; refiled at Dkt. No. 23). Defendant argues that the evidence shows that Empire could not have proximately cause the accident in the underlying complaint, so Defendant did not owe a duty to defend or indemnify under its policy with Empire. (Dkt. No. 25, at 2-3). Defendant asks that the Court dismiss Plaintiff's complaint in its entirety. (*Id.*, at 3).

## LEGAL STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" "if it might affect the outcome of the suit under the governing law." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020). The relevant inquiry on application for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

A court is not charged with weighing the evidence and determining its truth, but with determining whether there is a genuine issue for trial. *Westinghouse Elec. Corp. v. N.Y.C. Transit*

*Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). "Uncertainty as to the true state of any material fact defeats the motion." *U.S. v. One Tintoretto Painting Entitled The Holy Fam. With Saint Catherine & Honored Donor*, 691 F.2d 603, 606 (2d Cir. 1982).

The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1). "Courts must construe the evidence and draw all reasonable inferences in the non-moving party's favor." *United Specialty Ins. Co. v. JD Com. Builders Inc.*, No. 18-cv-6735 (CM), 2020 WL 49017661, at *3 (S.D.N.Y. Aug. 20, 2020).

"The same standard applies where, as here, the parties filed cross-motions for summary judgment." *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). "[E]ach party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Id.*

## DISCUSSION

### I. Plaintiff's Motion for Partial Summary Judgment Is Granted; Defendant Owes the Tort Defendants a Duty to Defend.

Defendant's policy states, in relevant part, that it insures Empire for "liability for 'bodily injury', 'property damage' or 'personal and advertising injury' caused, in whole or in part by: a. [Empire's] acts or omissions; or b. The acts of [*sic*] omissions of those acting on [Empire's] behalf; in the performance of [Empire's] ongoing operations for [Clune]." (Dkt. No. 17, ¶7).

Plaintiff argues that the policy has a reasonable possibility of covering the underlying incident, since Empire was obligated to ensure that the stairs were safe. Plaintiff argues that that Empire's failure to abide by those policies may have caused the accident. (Dkt. No. 30, at 7-9).

8

Defendant argues that the policy does not insure the underlying accident since Empire was not responsible for building the stairs on which Budz fell. Defendant argues that Hallen, not Empire, caused Budz's injuries, so the policy does not apply. (Dkt. No. 25, at 9-12).

### A. There Exists a Reasonable Possibility That Empire Was a Proximate Cause of Claimant's Injuries.

Whether Defendant has a duty to defend turns on whether the allegations and extrinsic facts in the underlying action triggered such a duty.

An insurer's duty to defend its policyholders is "exceedingly broad." *Atl. Ave. Sixteen AD, Inc. v. Valley Forge Ins. Co.*, 56 N.Y.S.3d 207, 209 (N.Y. App. Div. 2017). If there is a "reasonable possibility of coverage" then the insurer "will be called upon to provide a defense . . ." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 141 (2d Cir. 2014). "An insurer is relieved of the duty to defend only if 'there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy'" *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 115 (2d Cir. 2005) (quoting *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 424 (1985)).

A duty to defend is triggered one of two ways. First, the duty may be triggered in the allegations within the underlying complaint. *BP A.C. Corp. v. One Beacon Ins. Grp.*, 8 N.Y.3d 708, 714, 871 N.E.2d 1128 (N.Y. 2007). Where the allegations complaint potentially gives rise to a covered claim, the duty is triggered even if the allegations are false or groundless. *Frontier Insulation Contrs. v. Merchs. Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997); *Century 21, Inc. v. Diamond State Ins.*, 442 F.3d 79, 82 (2d Cir. 2006).

Second, when a complaint does not suggest a possibility of coverage, an insurer may still have a duty to defend if facts outside the complaint suggest the claim is within the insurance policy's scope, and the insurer is aware of such facts. *Wausau Underwriters Ins. Co. v. Old*

*Republic Gen. Ins. Co.*, 122 F. Supp. 3d 44, 49 (S.D.N.Y. 2015). In summation, "Whether an insurer has a duty to defend turns on (1) the scope of the coverage it has agreed to provide; and (2) whether the complaint or the facts available to the insurer create a possible factual or legal basis on which the duty to defend may attach." *Zurich Am. Ins. Co. v. XL Ins. Am., Inc.*, 547 F. Supp. 3d 381, 394 (S.D.N.Y. 2021).

Plaintiff contends that there is no genuine issue as to whether Budz's injuries were caused "in whole or in party by" Empire's acts or omissions. Courts in this Circuit have held that such language indicates proximate causation. *Burlington Ins. Co. v. N.Y.C. Tr. Auth.*, 29 N.Y.3d 313, 322 (2017). "To make a *prima facie* showing of proximate cause, a plaintiff must demonstrate that the defendant's negligence was a 'substantial cause' of the events creating the injury. . . . A finding of proximate cause 'need not be based on absolute certitude or exclude every other possible cause of injury.'" *Was NJ-2, LLC v. JFB Const. & Dev.*, 111 F. Supp. 3d 434, 457 (S.D.N.Y. 2015) (quoting *Equitable Life Assur. Soc. v. Nico Constr. Co.*, 245 A.D.2d 194, 196 (N.Y. App. Div. 1997)) (internal citations omitted).

### i. The Possibility That Empire Was a Proximate Cause of Claimant's Injuries Cannot Be Discerned From Anything in the Complaint

Looking at the four corners of the underlying complaint, there is nothing to suggest a reasonable possibility that Empire was the proximate cause of Budz's injury. The underlying claim does not name Empire as a defendant—nor could it, since an employee cannot sue his employer for a workplace injury in New York—and it does not allege that Empire was a cause of Budz's injury. (Dkt. No. 24).[1] Rather, Budz alleges that the accident "was caused solely and

---

[1] In New York, the sole remedy for an employee against his employer for injuries during the course of employment is worker's compensation benefits. *Charter Oak Fire Ins. Co. v. Zurich Am. Ins. Co.*, 462 F. Supp. 3d 317, 326 (S.D.N.Y. 2020).

wholly by reason of the negligence, carelessness and recklessness of the defendants, *their contractors*, agents and employees. . ." (*Id.*, at 3) (emphasis added).

Plaintiff argues that, since Empire was one of the defendants' contractors, the underlying complaint alleges that Empire's negligence caused the accident. (Dkt. No. 30, at 6). But this general statement, read in the context of the entire pleading, does not raise a reasonable possibility—or any possibility—that Empire proximately caused Budz's injury. The text of the complaint places the blame on the Tort Defendants, and merely alleges generally that unspecified contractors were also to blame. The pleading specifically alleges that Clune and its contractors negligently built and operated the stairs on which Budz fell; it does not allege that Budz, who was employed by Empire, was negligent at all. This is a far cry from the cases in this Circuit which have held that an underlying complaint raises a reasonable possibility of coverage. *See, e.g., Liberty Mut. Ins. Co. v. N.Y. Marine & Gen. Ins. Co.*, 505 F. Supp. 3d 260, 272 (S.D.N.Y. 2020); *All State Interior Demolition Inc. v. Scottsdale Ins. Co.*, 168 A.D.3d 612 (N.Y. App. Div. 2019). The only allegation in the underlying complaint that even allegedly implicates Empire—the reference to "contactors"—is simply too vague and conclusory to raise a reasonable possibility of coverage. *See Stamford Wallpaper Co. v. TIG Ins.*, 138 F.3d 75, 81 (2d Cir. 1998) ("we will not hypothesize or imagine episodes or events that cannot be found among the allegations, and cannot reasonably be deduced from them.").

But the underlying complaint's failure to level allegations against Empire is not dispositive of the duty to defend. *Charter Oak Fire Ins. Co.*, 462 F. Supp. 3d at 324. The Court must also consider the extrinsic circumstances surrounding the accident in deciding whether Defendant had a duty to defend – especially where, as here, the Claimant is statutorily barred from suing his employer.

11

> ii. **The Extrinsic Circumstances Give Rise to a Reasonable Possibility That Empire Was a Proximate Cause of Claimant's Injuries.**

Plaintiff argues that the subcontract between Empire and Clune contained safety provisions that raise a reasonable possibility that Empire was the proximate cause of the underlying injuries. (Dkt. No. 30, at 7-9).

The subcontract required Empire to provide supervision for its work, and to implement a health and safety program. (Dkt. No. 17, ¶¶12-13). Empire was also required to identify how its employees could safely access the work area, including identifying fall protection measures. (*Id.*, ¶15). Further, Empire was prohibited from relinquishing or deferring its responsibility for the safety of its employees. (*Id.*, ¶14). If Empire breached those duties, Plaintiff says, it might have been the cause of the accident.

Defendant argues that the millwork platform and stairs from which Budz fell were not Empire's responsibility. (Dkt. No. 25, at 9). Instead, Defendant argues that Hallen caused the injury, since it was building the stairs and millwork platform. (*Id.*, at 10). Defendant also points out that Hallen was required to provide scaffolding and fall protection for its work. (*Id.*, at 12). Since Clune's accident report stated that the accident occurred because the stairs were missing treads and the millwork platform had not been built, Defendant therefore points to Hallen as the proximate cause of the injury since it was responsible for the area. (*Id.*, at 9, 12).

However, it is settled law that there may be multiple proximate causes for an injury. *See N.Y. Marine & Gen. Ins. Co.*, 505 F. Supp. 3d at 272. Both Hallen and Empire had duties to Claimant with respect to the safety of the staircase; it is possible that both of them, not just Hallen, breached those duties, leading to the Claimant's injuries.

Defendant further argues that the general safety policies Empire agreed to under the subcontract were not the cause of Budz's injury, as implementation of those policies could not have prevented the fall. (Dkt. No. 25, at 12).

This is not an issue that can be resolved today on the merits today. But it need not be resolved in order to conclude that Defendant has a duty to defend. It is true that courts within this Circuit generally hold that, if the area of injury was solely one party's safety responsibility, and the insured party simply sends the injured person to that area, the insured party is not liable. *See, e.g., Ohio Sec. Ins. Co. v. Travelers Indem. Co. of Conn.*, No. 19-cv-1355 (AJN), 2021 WL 797670 (S.D.N.Y. Mar. 1, 2021); *Pioneer Cent. Sch. Dist. v. Preferred Mut. Ins. Co.*, 86 N.Y.S.3d 364 (N.Y. App. Div., 2018). But as noted above, the area of injury was not the sole responsibility of Hallen. Empire had a responsibility to implement a safety program and identify means of safely accessing work sites, such as the stairs, for its employees. (Dkt. No. 17, ¶¶13, 15). The duty to defend is triggered when the insured party has safety obligations at the injury site. *See U.S. Underwriters Ins. Co. v. Image By J & K, LLC*, 335 F. Supp. 3d 321, 331 (E.D.N.Y. 2018).

Even drawing all reasonable inferences in Defendant's favor, as the Court must, there is no genuine issue of fact that Empire's conduct might have been a proximate cause of Budz's injury. The undisputed facts show that Empire had safety responsibilities on the stairs, including identifying fall protection measures. (Dkt. No. 17, ¶¶13, 15). Empire employed Budz, who was working on the stairs. (Dkt. No. 24, at 3). Empire thus had to identify means of safely accessing the stairs -- missing slats and all – and to identify ways to protect against falling. And Empire could not delegate these tasks to anyone else. (Dkt. No. 22-6, ¶¶13-15, 21).

The fact that Budz's bill of particulars attributed his injuries (in part) to a lack of guardrails and the presence of tripping hazards also implicates Empire's safety obligations. (Dkt. No. 24, at 21-22). Budz was working to install guardrails on the stairs; Empire had a duty to ensure safe access to the area during the installation process. There is, therefore, a reasonable possibility that Empire's negligence in implementing its safety program was a "substantial cause" of the underlying injury. *Was NJ-2, LLC*, 111 F. Supp. 3d at 457. When the duty to defend is at issue, that possibility "'need not be based on absolute certitude or exclude every other possible cause of injury.'" *Id.* (internal citation omitted). Even if Hallen had the ultimate duty to construct the stairs properly, there is at least a possibility that Budz also fell because Empire failed in its non-delegable duty to take the necessary safety precautions to secure the worksite. I thus cannot say that "'there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy.'" *Allianz Ins. Co.*, 416 F.3d at 115 (internal citation omitted).

Defendant thus has a duty to defend Clune and 1221 Ave.

**B.      Defendant's Policy Is Primary and Plaintiff's Policy Is Excess.**

"Where the same risk is covered by two or more policies, each of which was sold to provide the same level of coverage (as is the case here), priority of coverage . . . is determined by comparison of their respective 'other insurance' clauses. . ." *Sport Rock Intern., Inc. v. Am. Cas. Co. of Reading, PA*, 878 N.Y.S.2d 339, 344 (N.Y. App. Div. 2009). As explained above, both Plaintiff's and Defendant's policies apply to Clune and 1221 Ave's trial defense.

The plain language in the insurance policies leaves no genuine dispute as to which policy is primary. In Plaintiff's policy with Clune, the "other insurance" clauses provided that the policy is excess over any other coverage where Clune is an additional insured. (Compl., ¶10). Empire's

14

policy with Defendant listed any organization Empire is working for as an additional insured, as long as there is an agreement in writing. (Dkt. No. 17, ¶7). Clune and Empire entered into a written subcontract that required Clune to be added as an additional insured on Empire's insurance. (Compl., ¶¶16-17). Thus, Clune was an additional insured under Empire's contract, and Empire's insurance is primary.

Defendant fares no better looking at its policy with Empire. Defendant's policy with Empire had an "other insurance" clause stating that the policy is primary over other applicable policies unless a stated list of narrow exceptions applies. (*Id.*, ¶8). Defendant does not contend that any of the listed exceptions applies to this case. Further, Empire's subcontract with Clune included a provision requiring that 1221 Ave be added as an additional insured receiving primary insurance. (Dkt. No. 17, ¶18). Defendant's policy included a provision that any organization that a subcontract required Empire add as an additional insured was included as such. (*Id.*, ¶7). Again, Defendant does not claim that an exception applied to 1221 Ave.

The unambiguous language of the policies dictates that, to the extent both cover Budz's injuries, Defendant's policy with Empire is primary, and Plaintiff's policy is excess.

## II. Defendant's Motion for Summary Judgment Is Denied.

For the reasons that justify granting Plaintiff's motion for partial summary judgment, Defendant's motion for summary judgment is denied insofar as it concerns Defendant's duty to defend and which insurance policy was primary.

Defendant's summary judgment motion must similarly be denied as to Plaintiff's claims for indemnification. Whereas the duty to defend is triggered by a reasonable possibility that the underlying action falls within the scope of Defendant's policy, indemnification is contingent on the insured's actual liability. *Servidone Constr. Corp.*, 64 N.Y.2d at 424. Here, the parties have a genuine dispute as to whether Defendant's policy actually covered the accident in the underlying complaint. These arguments reflect those discussed above regarding the duty to defend and whether Empire was a proximate cause of the underlying action. (*See supra* page 11-14).

While the undisputed facts demonstrate a reasonable possibility that Defendant's policy applies to the underlying injury, they do not settle whether the policy *actually* applies. Plaintiff argues that Empire's safety obligations rendered it a proximate cause of the underlying injury, while Defendant argues the injury occurred due to the negligence of other contractors. As such, there is a genuine dispute and summary judgment must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment is GRANTED. Defendant must take up the Clune and 1221 Ave's trial defense, and reimburse Plaintiff for the cost it has incurred in defending Clune and 1221 Ave. Defendant's motion for summary judgment is DENIED.

This constitutes the decision and order of the court. This is a written decision.

Dated: 11/4/22

U.S.D.J.

BY ECF TO ALL COUNSEL